IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JENNIFER BURNSIDE**, individually and on behalf of all others similarly situated, | ) ) ) | Case No. |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| **AKRON REGIONAL HOSPITAL LLC d/b/a SUMMA HEALTH SYSTEM d/b/a SUMMA HEALTH**, | ) ) ) ) | **JURY DEMAND ENDORSED HEREON** |
| -and- | ) ) | |
| **AKRON ASSURANCE HOSPITAL COMPANY LLC,** | ) ) ) ) | |
| Defendants. | ) | |

Named Plaintiff Jennifer Burnside ("Named Plaintiff"), individually and on behalf of all others similarly situated, for her collective and class action Complaint against Defendant Akron Regional Hospital LLC d/b/a Summa Health System d/b/a Summa Health ("Defendant Summa Health") and Akron Assurance Hospital Company LLC ("Defendant Akron Assurance Hospital Company") (collectively "Defendants"), states as follows:

**INTRODUCTION**

1. This case challenges policies and practices of Defendants that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. Chapter 4111, and Ohio's Prompt Pay Act, O.R.C. § 4113.15 ("OPPA").

2. Named Plaintiff brings this case as a FLSA "collective action" individually and on behalf of other similarly situated persons who may join this case pursuant to 29 U.S.C. § 216(b).

3. Named Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 individually and on behalf of other similarly situated persons who worked for Defendants, individually and jointly, in Ohio and suffered the same harms described below.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Named Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendants are domiciled in this District and Division and because a substantial part of the events and omissions giving rise to Named Plaintiff's claims occurred in this District and Division.

6. This Court has supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

**A. Named Plaintiff**

7. Named Plaintiff is an adult individual residing in Akron, Ohio.

8. Named Plaintiff was employed by Defendants, individually and jointly, from approximately August 26, 2024 until December 18, 2025.

9. Named Plaintiff was employed by Defendants, individually and jointly, as a non-exempt hourly employee. Specifically, Named Plaintiff was employed by Defendants, individually and jointly, as a Surgical Assistant at the Summa Health System – Barberton Campus.

10. Named Plaintiff's written Consent to Join this Action is attached hereto as **Exhibit A**.

11. At all relevant times, Named Plaintiff and other similarly situated persons were "employees" within the meaning of the FLSA and Ohio law.

12. At all relevant times, Named Plaintiff and similarly situated employees were engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

**B. Defendants**

13. Defendant Akron Regional Hospital LLC d/b/a Summa Health System d/b/a Summa Health is a Delaware limited liability company with its headquarters at 525 E. Market Street, Akron, Ohio 44304. Defendant can be served through its Ohio registered statutory agent: Corporation Service Company, 1160 Dublin Road, Suite 400, Columbus, Ohio 43215.

14. Defendant Akron Assurance Hospital Company LLC is a Delaware limited liability company with its headquarters at 1077 Gorge Boulevard, Akron, Ohio 44310. Defendant can be served through its Ohio registered statutory agent: Corporation Service Company, 1160 Dublin Road, Suite 400, Columbus, Ohio 43215.

15. Defendants, individually and jointly, constituted a single integrated enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

16. Defendants, individually and jointly, constituted employers within the meaning of the FLSA, 29 U.S.C. § 203(d).

17. Defendants, individually and jointly, are engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that they, individually and jointly, have employees engaged in commerce or in the production of goods for commerce.

18. Defendants, individually and jointly, have an annual gross volume of sales made or business done of not less than $500,000.00.

19. At all relevant times, Defendants were fully aware of the fact that they were legally required to comply with the FLSA, the OMFWSA, and OPPA.

## FACTS

**A. Defendants have been individual and joint employers of Named Plaintiff and those similarly situated.**

20. Defendants are jointly and severally liable for the overtime violations alleged herein as joint employers of Named Plaintiff and those similarly situated.

21. At all relevant times, Defendants were, individually and jointly, employers of Named Plaintiff and other similarly situated employees within the meaning of the FLSA.

22. Defendants provide hospital and healthcare services in Ohio.

23. Defendants jointly employ and/or employed Named Plaintiff and others similarly situated in their business.

24. Defendants form a "single employer" because they are part of a singly integrated enterprise and/or they are joint employers by jointly operating and providing retail services and maintaining interrelated operations, centralized control of labor relations, common management and common ownership, and financial control.

25. At all relevant times, Defendants shared direct or indirect control and authority over matters governing the essential terms and conditions of employment for Named Plaintiff and similarly situated employees.

26. At all relevant times, Defendants shared direct or indirect control and authority over the working conditions of Named Plaintiff and those similarly situated.

27. At all relevant times, Defendants jointly hired and fired employees, supervised and controlled the work schedules and conditions of employees, determined the rate and method of pay, and/or maintained employee records.

28. Upon information and belief, Defendants apply or cause to be applied substantially the same employment policies, practices, and procedures to all employees across all locations, including those related to the payment of wages, overtime, timekeeping, and the allegations made in this complaint.

29. The work performed by Named Plaintiff and similarly situated employees benefited Defendants and directly or indirectly furthered their joint interests.

**B. Defendants failed to pay Named Plaintiff and those similarly situated for all time worked resulting in unpaid overtime.**

30. Defendants provide hospital and healthcare services in Ohio.

31. Defendants employ hourly workers to various healthcare services.

32. Named Plaintiff was employed by Defendants as a Surgical Assistant and was paid approximately $42.00 per hour.

33. At all relevant times, Named Plaintiff was required to wear sterile surgical scrubs.

34. At all relevant times, Named Plaintiff was required to change into and out of her sterile work clothing in the locker room located at Defendants' facility.

35. Given the nature of Named Plaintiff's job, she and those similarly situated could not perform their jobs without the sterile work clothing that Defendants require to be donned and doffed at its facility.

36. At all relevant times, Named Plaintiff was required to change into her sterile work clothing prior to clocking in for her scheduled shift.

37. Named Plaintiff typically spent up to ten minutes donning her sterile work clothing for each shift. She was not paid any amount for this time.

38. At all relevant times, Named Plaintiff and those similarly situated employees regularly worked more than 40 hours per workweek for Defendants, including donning time.

Accordingly, because she was not paid for her donning time, she was not paid all of the overtime hours that she worked.

39. Named Plaintiff and other similarly situated employees were hourly employees who worked for Defendants within the last three years and were required to change into work clothing at Defendants' facilities without pay.

### Defendants' Recordkeeping Violations

40. The FLSA and Ohio law require Defendants to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C. §§ 4111.08, 4111.14(F); and Ohio Const. Art. II, § 34a.

41. For example, the FLSA requires employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period, and date of payment and pay period covered by the payment. *See* 29 C.F.R. § 516.2.

42. Defendants kept records of some hours worked or otherwise had the ability to accurately track hours worked through Defendants' hardware, software, and/or systems, by Named Plaintiff and other similarly situated employees.

43. However, because of Defendants' policy of not paying for donning time described herein, Defendants failed to accurately track, keep, or transmit the hours worked each day by Named Plaintiff and other similarly situated employees.

44. Defendants willfully and intentionally transmitted inaccurate and/or incomplete records to payroll for compensation purposes, which wrongly excluded donning from compensable time worked. Defendants' failure to correctly classify such time as compensable hours worked had the direct effect of reducing Defendants' labor costs to the detriment of Named Plaintiff and other similarly situated employees.

45. Defendants willfully and intentionally did not correctly record and pay all hours worked in violation of the FLSA and violated the FLSA's recordkeeping requirements.

## COLLECTIVE ACTION ALLEGATIONS

46. Named Plaintiff brings this case as a collective action pursuant to 29 U.S.C. § 216(b) individually and on behalf of others similarly situated who have similar claims under the FLSA and who have been, are being, or will be, adversely affected by Defendants' unlawful conduct.

47. The FLSA Collective members who are "similarly situated" to Named Plaintiff with respect to Defendants' FLSA violations is defined as follows:

> **All current and former hourly employees of Defendants, including temporary employees as applicable, who were required to change into sterile work clothing (e.g., scrubs, hat, shoes, shoe covers, gloves, etc.) without pay, and who worked 40 or more hours during any such workweeks at any time from three years preceding the filing of this Complaint through final disposition of this matter (the "FLSA Collective" or "FLSA Collective Members").**

48. Named Plaintiff and the putative FLSA Collective Members were all subject to the same policies and/or practices described above, which resulted in unpaid overtime.

49. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Named Plaintiff, numerous current and former employees are

similarly situated with regard to their claims for unpaid wages and damages. Named Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

50. Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were hourly non-exempt employees, and all were subjected to and injured by Defendants' failure to pay Named Plaintiff and others similarly situated an overtime premium of one and a half times their properly calculated regular rate for all hours that exceeded 40 in the workweek. All have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs

51. The identities of the putative FLSA Collective Members are readily identifiable through the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2.

## OHIO CLASS ACTION ALLEGATIONS

52. Named Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and others similarly situated who have similar claims under the laws of the State of Ohio, which are defined as:

> **All current and former hourly Ohio employees of Defendants, including temporary employees as applicable, who were required to change into sterile work clothing (e.g., scrubs, hat, shoes, shoe covers, gloves, etc.) without pay, and who worked 40 or more hours during any such workweeks at any time from two years preceding the filing of this Complaint through final disposition of this matter (the "Ohio Class" or "Ohio Class Members").**

53. The Ohio Class is so numerous that joinder of all members is impracticable. The exact number of class members is unknown but is estimated to exceed forty (40) individuals. The

exact number of class members, as well as their identities, are ascertainable from the payroll records Defendants have maintained, and were required to maintain, pursuant to Ohio law.

54. There are questions of law or fact common to the Ohio Class including whether Defendants failed to pay non-exempt hourly employees, such as Named Plaintiff and those similarly situated employees, for all hours worked in excess of 40 in any week at the lawful amount of one and one-half times their respective properly calculated regular rates as a result of Defendants' failure to pay for all work time as described herein.

55. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual Ohio Class Members.

56. Named Plaintiff's claims are typical of the claims of other members of the Ohio Classes. Named Plaintiff's claims arise out of the same uniform course of conduct by Defendants and are based on the same legal theories as the claims of other members of the Ohio Class.

57. Named Plaintiff and the Ohio Class have all been injured in that they have been uncompensated due to Defendants' common policy, and practice, and willful conduct. Defendants' corporate wide policies and practices affected the Ohio Class similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each of the Ohio Class Members.

58. Named Plaintiff will fairly and adequately protect the interests of the Ohio Class. Named Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other Ohio Class Members.

59. Named Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

60. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class Members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class Members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

61. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

62. Named Plaintiff brings this claim for violations of the FLSA's overtime provisions on behalf of herself and the FLSA Collective Members who will join this case pursuant to 29 U.S.C. § 216(b).

63. The FLSA requires that Defendants' hourly non-exempt employees receive overtime compensation for hours worked in excess of 40 per week of "not less than one and one-half times" the employees' properly calculated "regular rate." 29 U.S.C. § 207(a)(1).

64. As hourly non-exempt employees, Named Plaintiff and the FLSA Collective Members should have been paid overtime compensation at the rate of one and one-half times their properly calculated regular rate of pay when they worked more than 40 hours in a workweek.

65. Named Plaintiff and other similarly situated employees were not paid for all time worked, because Defendants failed to pay Named Plaintiff and those similarly situated for work time spent donning sterile work clothing which was required to perform their jobs. Nor was this time counted towards total weekly hours.

66. Named Plaintiff and other similarly situated employees regularly worked 40 or more hours per workweek for Defendants.

67. Defendants' practice and policy of not paying Named Plaintiff and other similarly situated employees for work time spent donning sterile work clothing prior to clocking in at the beginning of their shift resulted in Defendants' failure to pay Named Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half time their regular rate of pay for all hours worked in excess of 40 hours per workweek, in violation of the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 785.24.

68. At all relevant times, Defendants knew they were required to pay Named Plaintiff and the FLSA Collective Members all overtime compensation earned at a rate of one and a half times their properly calculated regular rate.

69. By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly violated provisions of the FLSA.

70. The exact total amount of compensation, including overtime compensation, that Defendants failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants.

71. As a result of Defendants' violations of the FLSA, Named Plaintiff and the FLSA Collective Members were injured in that they did not receive all overtime compensation due to

them pursuant to the FLSA. They are entitled to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

## COUNT TWO
**(Ohio Overtime Violations)**

72. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

73. Named Plaintiff brings this claim for violation of the OMFWSA, on behalf of herself and all members of the Ohio Class for which certification is sought pursuant to Fed. R. Civ. P. 23.

74. Named Plaintiff and the Ohio Class Members were not paid for all time worked, because Defendants failed to pay Named Plaintiff and those similarly situated for work time spent donning sterile work clothing which was required to be donned and worn by Named Plaintiff and those similarly situated in order for them to perform their jobs. Nor was this time counted towards total weekly hours.

75. At all relevant times, Named Plaintiff and the Ohio Class Members regularly worked 40 or more hours per workweek for Defendant.

76. Defendants' practice and policy of not paying Named Plaintiff and the Ohio Class Members for work time spent donning sterile work clothing resulted in Defendants' failure to pay Named Plaintiff and the Ohio Class overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek.

77. Named Plaintiff and the Ohio Class Members were not paid lawful overtime compensation of one and one-half times their properly calculated regular rates for all hours worked in excess of 40 in a workweek, resulting in overtime violations of Ohio law.

78. Defendants failed to pay Named Plaintiff and the Ohio Class Members the required overtime compensation.

79. At all relevant times, Defendants knew they were required to pay Named Plaintiff and the Ohio Class Members all overtime compensation earned at a rate of one and a half times their properly calculated regular rate.

80. Defendants' practice and policy of not paying Named Plaintiff and the Ohio Class Members for all earned overtime compensation at a rate of one and one-half times their properly calculated regular rate of pay for all hours worked in excess of 40 hours per workweek is a violation of the OMFWSA.

81. The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay Named Plaintiff and the Ohio Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants.

82. As a result of Defendants' violations of the OMFWSA, Named Plaintiff and the Ohio Class Members were injured in that they did not receive all overtime compensation due to them pursuant to Ohio's wage and hour laws.

## COUNT THREE
(Ohio Prompt Pay Claim)

83. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

84. Ohio's Prompt Pay Act, Ohio Rev. Code Ann. § 4113.15(A), provides that "[e]very employer doing business in this state shall, on or before the first day of each month, pay all its employees the wages earned by them during the first half of the preceding month ending with the

fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month."

85. Named Plaintiff brings this claim for violations of Ohio's Prompt Pay Act, on behalf of herself and all members of the Ohio Class.

86. Here, Defendants failed to pay Named Plaintiff and those similarly situated for all compensable work within the time period required by the OPPA. This resulted in Named Plaintiff and others similarly situated not receiving all the overtime pay that they earned and were entitled to receive under state and federal law.

87. There is no dispute that Named Plaintiff and those similarly situated are required to be paid for all work time, including regular wages and overtime, under Ohio law.

88. The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay Named Plaintiff and the members of the Ohio Class is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants.

89. Defendants' failure to pay all wages due under Ohio's Prompt Pay Act to Named Plaintiff and the members of the Ohio Class entitles them to the unpaid wages, plus "an amount equal to six per cent (6%) of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater."

## PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff, on behalf of herself and others similarly situated, respectfully requests that this Honorable Court:

A. Direct that Court-approved notice be issued pursuant to 29 U.S.C. § 216(b) to similarly situated persons informing them of this action and enabling them to opt-in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Named Plaintiff and the Ohio Class Members;

14

C. Enter judgment against Defendants and in favor of Named Plaintiff, the FLSA Collective Members, and the Ohio Class Members;

D. Award Named Plaintiff, the FLSA Collective Members, and the Ohio Class Members actual damages for unpaid wages;

E. Award Named Plaintiff and the FLSA Collective Members liquidated damages equal in amount to the unpaid wages found due to Named Plaintiff and the FLSA Collective Members;

F. Award Named Plaintiff and the Ohio Class Members, as liquidated damages, an amount equal to six per cent (6%) of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater;

G. Award Named Plaintiff, the FLSA Collective Members, and the Ohio Class Members pre-judgment and post-judgment interest at the statutory rate;

H. Award Named Plaintiff, the FLSA Collective Members, and the Ohio Class Members all attorneys' fees, costs, and disbursements incurred in prosecuting this action; and,

I. Award Named Plaintiff, the FLSA Collective Members, and the Ohio Class Members any such further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Hans A. Nilges*
Hans A. Nilges (OH 0076017)
7034 Braucher Street, N.W., Suite B
North Canton, OH 44720
Telephone: 330-470-4428
Facsimile: 330-754-1430
Email: hnilges@ohlaborlaw.com

Robi J. Baishnab (OH 0086195)
Nicholas A. Boggs (OH 0102430)
700 W. St. Clair Ave., Suite 320
Cleveland, Ohio 44113
Telephone: (216) 230-2955
Facsimile: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com
         nboggs@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable.

/s/ *Hans A. Nilges*
*Counsel for Plaintiff*

16